# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ERIC ZIMMERMAN,**
**Claimant Below, Petitioner**

**vs.)　No. 12-1527** (BOR Appeal No. 2047274)
　　　　　　　　(Claim No. 2011034680)

**COALFIELD SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric Zimmerman, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Coalfield Services, Inc., by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 28, 2012, in which the Board affirmed a May 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 26, 2011, decision which denied authorization of left shoulder surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Zimmerman, a construction worker, injured his left shoulder in the course of his employment on April 20, 2011, when he slipped on gravel and fell over a bank. A May 12, 2011, left shoulder MRI revealed possible subacromial/subdeltoid bursitis. There was no obvious internal derangement of the shoulder. The claim was held compensable for left shoulder sprain and rotator cuff sprain. Mr. Zimmerman's treating physician, Nathan Doctry, M.D., determined in July of 2011 that Mr. Zimmerman had sustained internal derangement of his left shoulder most likely with a superior labrum anterior and posterior tear. He recommended arthroscopic

1

surgery. In a letter dated December 13, 2011, Dr. Doctry clarified that although an MRI showed no indication of internal derangement, such diagnostic tests are not definitive. He stated that because Mr. Zimmerman's symptoms had persisted, the time for conservative treatment had passed. Mr. Zimmerman was found not to be at maximum medical improvement, and surgery was determined to be necessary to evaluate the shoulder's condition in order to avoid overlooking a condition that could cause progressive deterioration if left untreated.

Mr. Zimmerman was evaluated by Paul Bachwitt, M.D., in September of 2011. In that independent medical evaluation, Dr. Bachwitt found that maximum medical improvement had been reached. He diagnosed a left shoulder sprain/strain and opined that surgery was unnecessary to treat the compensable injury. He stated that Mr. Zimmerman could return to work without restrictions. Prasadarao Mukkamala, M.D., agreed with Dr. Bachwitt in an independent medical evaluation in December of 2011. Dr. Mukkamala also found Mr. Zimmerman had sustained a left shoulder sprain, that he had reached maximum medical improvement, and that surgery was not necessary to treat the injury.

The claims administrator denied a request for left shoulder surgery in its October 26, 2011, decision. The Office of Judges affirmed the decision in its May 24, 2012, Order. It determined that Dr. Doctry's diagnosis of internal derangement with a superior labrum anterior and posterior tear is not supported by diagnostic testing. Drs. Mukkamala and Bachwitt both evaluated Mr. Zimmerman and found that he had reached maximum medical improvement. They also opined that surgery was unnecessary in this case. The Office of Judges therefore held that diagnostic testing failed to support the authorization of the requested treatment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 28, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Diagnostic testing failed to establish that left shoulder surgery is medically related and reasonably required to treat the compensable injury in this case.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

2

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum